**NA HUANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

**No. 08–2454–ag.**

United States Court of Appeals, Second Circuit.

March 30, 2009.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Theodore N. Cox, Esq., New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Scott Rempell, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Na Huang, a native and citizen of the People's Republic of China, seeks review of an April 22, 2008 order of the BIA affirming the February 9, 2007 decision of Immigration Judge Jeffrey S. Chase denying for lack of jurisdiction her motion to file a successive asylum application. *In re Na Huang*, No. A73 759 016 (B.I.A. Apr. 22, 2008), *aff'g* No. A73 759 016 (Immig. Ct. N.Y. City Feb. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the denial of a motion to reopen for abuse of discretion. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006).

I.  Motion to Remand before the BIA

While neither the Immigration and Nationality Act nor the regulations implementing the Act explicitly authorize the filing of a motion to remand, the BIA has acknowledged that such motions "are an accepted part of appellate civil procedure and serve a useful function." *Matter of Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992). However, "[w]here a motion to remand is really in the nature of a motion to reopen or a motion to reconsider, it must comply with the substantive requirements for such motions." *Id.*

Here, Huang argues that the BIA abused its discretion when it failed to construe her motion to remand as a motion to reopen. However, the BIA was not required to do so because her motion failed to comply with the substantive requirements for motions to reopen. *See id.* The regulations explicitly require that a motion to reopen filed in order to submit an application for relief "must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). However, Huang did not submit a new asylum application or any supporting documents with her motion to remand, and thus failed to comply with the regulatory requirements for motions to reopen. *See Coelho,* 20 I. & N. Dec. at 471. Accordingly, the BIA did not abuse its discretion when it did not construe Huang's motion to remand as a motion to reopen.

II.  Motion to File a Successive Asylum Application before the IJ

An IJ has jurisdiction to consider motions to reopen only until the applicant properly files an appeal, at which point jurisdiction vests with the BIA. *See* 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may "reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals"); *Matter of Valles–Perez,* 21 I. & N. Dec. 769, 771 (BIA 1997) (finding that "[i]t is normally true in immi-

gration proceedings that once an appeal is filed with the Board of Immigration Appeals, the Immigration Court or district director loses jurisdiction over the matter").

 Here, the BIA agreed with the IJ's conclusion that jurisdiction over Huang's case vested with the BIA once Huang appealed the IJ's denial of her asylum application. The BIA thus declined to consider the merits of Huang's motion because it was filed with the IJ and not with the BIA.

In her brief, Huang argues the merits of her motion without challenging the agency's threshold jurisdictional determination, waiving any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Because Huang has failed to demonstrate any error in the BIA's decision, her petition for review fails. Thus, we do not consider her other arguments concerning her eligibility to file a successive asylum application. We note, however, that those arguments would appear to fail under *Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008), where we accorded Chevron deference to the BIA's holding in *In re C–W–L–,* 24 I. & N. Dec. 346, 350 (BIA 2007), that an individual "under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements."

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.